HOLMES, Judge
(dissenting).
I respectfully dissent.
At the outset I note the majority seems to place some emphasis on the fact that “it is not inconceivable to conclude that Rhea was not concerned with resigning in good *838 standing.” My review of the record, the briefs, and statements during oral argument lead me to the conclusion that all parties knew and understood that Rhea was attempting to resign or retire in good standing. Certainly, there is nothing to indicate the contrary.
In any event, under the facts of this case, we are not required to make that determination for it is undisputed that Rhea submitted his resignation in writing in the February 5 letter as requested by Hyche. Thus, regardless of his motivation for doing so, Rhea complied with the request of Hyche to put his resignation in writing and complied with rule 7.32 and in fact resigned on February 5.
After the February 5 letter of resignation, which to me under the facts of this case is the operative resignation, there was no evidence of an effective acceptance of the resignation prior to its withdrawal. Since the operative resignation was withdrawn prior to its acceptance or its effective date, as a matter of law, Rhea was entitled to be reinstated and the three-judge panel correctly so held.
Under the reasoning of the majority the following question would appear to be appropriate: What would have been Rhea’s status if after the conversation of February 4 Rhea had done nothing, i.e., had not written the suggested letter?
Put another way, I find the three-judge panel’s apparent reasoning as set out in the majority opinion to be correct.
Needless to say, I would affirm the action of the three-judge panel.